| 12 | 145 |
| 15 | 218 |
| 15 | 219 |
| 12 | 145 |
| s17 | 193 |
| s17 | 197 |
| s17 | 199 |
| 18 | 136 |

[No. 1453.]

## CLIFTON W. WALTERS v. THE DENVER CONSOLIDATED ELECTRIC LIGHT COMPANY.

## LEVINA E. WALTERS v. THE DENVER CONSOLIDATED ELECTRIC LIGHT COMPANY.

1. NEGLIGENCE—ELECTRICITY—UNCOVERED WIRES.

Where there is no statute or ordinance requiring an electric light company to keep its wires covered, it is not negligence to leave them uncovered at places where there is no apparent possibility of injury. But a complaint that alleges that defendant, an electric light company, negligently attached to a residence immediately under a window and within reach thereof uncovered live wires from which a child was injured, sufficiently alleges defendant's negligence to require the question to be submitted to a jury.

2. SAME—PROXIMATE CAUSE.

Negligence in leaving a live electric wire uncovered was the proximate cause of the injury to a child coming in contact therewith, although the child would have suffered no injury but for its own act in taking hold of the wire.

3. SAME—CONTRIBUTORY NEGLIGENCE.

A complaint that alleges that plaintiff a child twelve years old was injured by taking hold of an uncovered live electric wire in trying to replace it in its proper position from which it was misplaced at a point where it was attached to the residence of plaintiff's father and immediately under a window from which it was reached by plaintiff, does not as a matter of law show plaintiff to be guilty of contributory negligence, but that question should be submitted to the jury.

4. SAME.

The act of a mother in voluntarily going to the rescue of her child whom she discovered in contact with a live electric wire and by reason of which she was injured, cannot be imputed to her as negligence contributing to the injury, no matter how dangerous and desperate the act may have been.

*Appeal from the District Court of Arapahoe County.*

Messrs. WELLS, TAYLOR & TAYLOR and Mr. R. T. McNEAL, for appellants.

Messrs. WOLCOTT & VAILE and Mr. WILLIAM W. FIELD, for appellee.

THOMSON, P. J.

Two cases are here submitted to us for decision. They are both against the same defendant, and, for the most part, involve the same questions. In each case, when it came on for trial, the defendant objected to the introduction of any evidence for the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objections were sustained, judgments entered for the defendant, and appeals prosecuted by the plaintiffs. The averments of the complaints, therefore, constitute the only subject for discussion in this opinion.

The complaint of the plaintiff Clifton Wood Walters set forth that the defendant was engaged in the operation of machinery and apparatus for producing electricity, and supplying it to dwelling houses in the city of Denver; that it had extended its wires to the house of Charles W. Walters, the father of the plaintiff, for the purpose of supplying light to that house; that it had attached to the house, near to, and directly under the window, an electric device called a converter, and near to and above the converter, and directly under the window, had placed two iron supporters to hold glass insulators, to which were attached wires, connecting with the house, and conveying the electric current for furnishing light to the house; that the defendant had carelessly suffered the wires to become uncovered and uninsulated; that the plaintiff, a child twelve years of age, who was residing with his father, upon looking out of the window and seeing that one of the insulators had been removed from its iron support, and knowing nothing of the danger incident to his coming in contact with the wires attached to the insulator, seized hold of the insulator for the purpose of replacing it upon its support, and received a charge of electricity from the naked wire which his hands touched in seizing the insulator, resulting in serious and permanent injury to him.

The objections to this complaint, stated in their logical order, are, first, that the facts alleged do not constitute negligence on the part of the defendant within the contemplation of the law ; second, that the complaint shows that the proximate cause of the injury was the act of the plaintiff in seizing the insulator, and not the exposed condition of the wire ; and third, that it appears upon the face of the complaint that the plaintiff was guilty of negligence contributing to his injury.

1. It is argued that there was no statute, ordinance, or other express law which required the defendant to equip all of its wires with insulating covers ; and that, therefore, taking into consideration the situation of this exposed wire, no duty rested upon the defendant to keep it insulated. We may concede that at places where there is no apparent possibility of injury ensuing from electric wires it would not be negligence to leave them uncovered, and that no duty to keep them insulated would exist unless it was imposed by some express law. But by this concession, the question whether, consistently with the degree of care exacted in the management of an agency so dangerous as electricity, it was or was not the duty of the defendant to have its wires insulated at the particular place where this injury occurred, is by no means disposed of. The wire in question was affixed to the outside of the wall of the house of the plaintiff's father, directly under one of the windows, and within the reach of persons looking out of the window ; the plaintiff was a child living with his father, and had the right to be in the house and at the window ; upon seeing one of the insulators out of its proper place, and without knowledge or apprehension of the danger attendant upon his act, he undertook to replace the insulator, and so received an electric charge from the naked wire. The insulator was a harmless looking object ; there was nothing to give notice of the deadly force hidden in the wire ; the accident was one liable, and which the defendant must have known was liable, to happen at any dwelling to which electric appliances were similarly affixed, and in which there were children, or persons

ignorant of the purpose of the appliances, or the nature of the electric fluid; and we cannot say, as a matter of law, that proof would not be admissible under the averments of the complaint, which would justify a verdict that in leaving the wire exposed as alleged the defendant was guilty of negligence. If such proof would be admissible, then the complaint, in so far as the charge of negligence is concerned, is sufficient.

2. The contention of the defendant is that the proximate cause of the injury was the act of the plaintiff in taking hold of the insulator. Certainly, his act brought him in contact with the naked wire, and, except for what he did, he would have suffered no harm. But we think counsel have fallen into some confusion respecting the legal meaning of the term "proximate cause;" and, possibly, in dealing with the subject, there is a lack of desirable clearness in the language of some of the authorities. The responsibility of an agency for the production of an event is not necessarily dependent upon proximity in time. It is the logical relation between the two, whether they are immediately connected or not, by which the question of proximate cause is to be determined. Conditions subsequently coming into existence may set an agency in motion, but the event which results is the effect of that agency, and not of the intervening conditions; and because the relation between it and the event is that of direct cause and effect it is the proximate cause. Succeeding occurrences are merely the means by which it is brought into operation. In *D. & R. G. R. R. Co. v. Bedell*, 11 Colo. App. 139, we had occasion to examine this question, and we reached the conclusion that the efficient and responsible cause was the proximate cause, without reference to its place in the order of events.

Now the injury to the plaintiff was the direct result of the escape into his body of a current of electricity from the naked wire with which he came in contact. If the wire had been protected, he would not have been hurt; and, in its uninsulated condition, the result would have been the same, whether he had grasped it voluntarily, or had been involuntarily forced

against it; the immediate cause was the electricity concealed in the wire, the discharge of which into the body of the plaintiff was brought about by the contact which took place between himself and the wire, and the contact was merely the condition which enabled the cause to operate. The question of the legal effect of the boy's act in reaching out to the wire is in no manner connected with the question of proximate cause; it can be considered only in an examination of the charge of contributory negligence.

3. It is maintained that the complaint shows such contributory negligence on the part of the plaintiff as to preclude a recovery by him. The question of negligence is a mixed one of law and fact, and, except in rare cases, its determination belongs to the jury. However, conduct may be so palpably imprudent and reckless as to leave no room for a difference of opinion concerning its character, and then, there being no facts to find, deliberation by a jury is unnecessary, and the court may apply the law directly to the case before it. But where, upon facts in its possession, the character of the conduct is in any degree involved in doubt, it is never proper for the court to withdraw the question of negligence from the jury. We do not think that from the statements of this complaint it can be said, as a matter of law, that the plaintiff was guilty of contributory negligence. He was rightfully in his father's house, and he was rightfully at the window. Seeing something out of place which was attached to the house, directly under the window, and within his reach, it might very naturally occur to him to replace it, and his act in so doing, if he had no knowledge of the purpose of the attachment, and no reason to apprehend danger from it, could hardly be called recklessness. It might have been simply the result of an involuntary impulse to restore order where he found disorder, and to do something which he had no grounds for supposing he could not do with perfect safety. Under issues made upon the complaint, proof is admissible from which contributory negligence might be found, and under the allegations of the complaint proof is

admissible from which a contrary conclusion might be drawn; and we do not conceive that we have the right to say that the averment of an act, which, upon issue joined, may be interpreted for or against him by the evidence, amounts to an admission, conclusive upon him, that his own want of care contributed to his injury.

The complaint of Levina E. Walters, after setting forth the facts upon which negligence was charged against the defendant, in substantially the language of Clifton Wood Walters' complaint, averred that she was the mother of Clifton, and that upon learning that he was in a situation of danger, she went in great haste to his assistance, seized upon him to remove him from the wire, and received a charge of electricity which passed from the wire through the body of Clifton into her body, and that she so sustained the injury of which she complained.

What we have heretofore said on the subject of negligence, and on the subject of proximate cause, is applicable here, and need not be repeated, but on the question whether her complaint shows contributory negligence in her, we think it well to venture a few observations. It is in voluntarily taking hold of Clifton, while he was still in contact with the wire, that the negligence is said to have consisted. She stated in her complaint, that, at the time, she had no knowledge that her act would be attended by any danger to herself, but the allegation is unimportant, and might as well have been omitted. The instincts of a mother, when she sees her child in distress, will lead her to rush headlong to its rescue, without stopping to count the cost, or measure the risk which she is incurring; and to say that an act to which her affection irresistibly impelled her should be charged against her as something imprudent and unnecessary, would be to shock a sentiment which is as universal as mankind. The law is not the creature of cold-blooded, merciless logic, and its inherent justice and humanity will never for a moment permit the act of a mother in saving her offspring, no matter how desperate it may have been, to be imputed to

her as negligence, or at any time, or in any manner, used to her detriment.   See Wharton on Negligence, § 308.

We think that in each case the court erred in forestalling a trial, and both judgments are therefore reversed.

*Reversed.*